

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| Beanita Brantley, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Midland Credit Management, Inc., and John Does 1-25,<br><br>Defendant(s). | C.A. No: 3:20CV707<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Beanita Brantley (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Indiana consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Indiana, County of St. Joseph, and resides at 4815 Belleville Circle, Apt. 5, South Bend, IN.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Indiana;

    b. to whom Defendant MCM sent an initial collection letter attempting to collect a consumer debt;

    c. containing deceptively worded settlement offers;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have

        any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to August 21, 2019, an obligation was allegedly incurred to creditor Comenity Bank Meijer

22. The Comenity Bank Meijer obligation arose out of transactions incurred primarily for personal, family or household purposes.

23. The alleged Comenity Bank Meijer obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Comenity Bank Meijer is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Comenity Bank Meijer debt contracted with the Defendant MCM to collect the alleged debt.

### *Violation – August 21, 2019 Collection Letter*

26. On or about August 21, 2019, Defendant MCM sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Comenity Bank Meijer See a true and correct copy of the Letter attached at Exhibit A.

27. The letter states: "This month we are going to save you money-40% to be exact! This slashes your current debt of $734.03 to $440.42! All you need to do is visit MidlandCredit.com or call (800) 321-3809! Click or call today to take advantage of this great offer! Never miss a payment again. Sign up for AutoPay at MidlandCredit.com.

28. Underneath this statement in a large font, the letter states "NO Interest! Your balance won't increase because MCM doesn't charge interest."

29. The letter directly associates the statement that no interest is being charged with the settlement offer stated in the letter, implying that due to the settlement being offered, there will be no interest.

30. This is a deceptive and misleading statement because the alleged debt is not accruing interest regardless of the settlement being offered.

31. It is deceptive to imply that no interest is accruing as a result of an offer of settlement when in fact no interest would be accruing regardless of the settlement offer

because this deceives the consumer into contemplating acceptance of the settlement offer in the hopes of avoiding interest when that will happen regardless of the settlement offer.

32. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Defendant violated §1692e:

   f. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

   g. By making a false and misleading representation in violation of §1692e(10).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

38.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Beanita Brantley, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/
By: Raphael Deutsch, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*

*Pending Pro Hac Vice application*

# EXHIBIT A

**Midland Credit Management**
350 Camino De La Reina
Suite 100
San Diego, CA 92108

Beanita Brantley  P40T1100 001

**Beanita**
**Pay by 09-20-2019**
**Save 40%**

Exclusive offer for your **Comenity Bank Meijer** account

CALL **(800) 321-3809**
OR VISIT **MidlandCredit.com**

08-21-2019

Dear Beanita,

This month we are going to save you money—40% to be exact! This slashes your current debt of $734.03 to $440.42! All you need to do is visit **MidlandCredit.com** or call **(800) 321-3809**! Click or call today to take advantage of this great offer!

Never miss a payment again. Sign up for AutoPay at MidlandCredit.com.

**NO Interest!**
Your balance won't increase because MCM doesn't charge interest.

**NO More Calls!**
Once resolved, we will STOP calling you on this account.

**NO More Letters!**
Once paid off, the letters will STOP.

**Hurry! This offer expires 09-20-2019.**

Visit **MidlandCredit.com** or call **(800) 321-3809** to put your current debt of $734.03 behind you.

Sincerely,

*Tim Bolin*
Tim Bolin, Division Manager

---

Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

Visit **MidlandCredit.com** or Call **(800) 321-3809** Now
Hours of operation: Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

MCM Account Number
Current Balance                $734.03

Total Enclosed    $ 

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

**Manage Your Account Online**
MidlandCredit.com

**Important Payment Information**
**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 321-3809**

se habla espanol
(888) 422-5178

12  8574329851  6  0044042  092019  1  254506158

B469 DOE9